IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA
WHEELING

**RAYMOND EDWARD GILL,**

        **Petitioner,**

v.	Civil Action No. 5:17cv36
	(Judge Stamp)

**JOE COAKLEY, Warden,**

        **Respondent.**

## REPORT AND RECOMMENDATION

### I. INTRODUCTION

On March 27, 2017, *pro se* Petitioner, Raymond Edward Gill, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2241. ECF No. 1. On April 10, 2017, Petitioner paid the $5.00 filing fee. ECF No. 7. On August 11, 2017, Respondent was ordered to show cause why the writ should not be granted. ECF No. 8. On October 20, 2017, Respondent filed a Motion to Dismiss and Response to Show Cause together with a Memorandum in Support and an Exhibit. ECF Nos. 20-21. A Roseboro Notice was issued on November 3, 2017. To date, Petitioner has not filed a reply.

This matter, before the undersigned for a Report and Recommendation pursuant to LR PL P 2, is ripe for review.

### II. FACTUAL AND PROCEDURAL HISTORY

**A. Conviction and Sentence**

On April 1, 1981, the United States District Court for the District of Maryland sentenced Petitioner to serve 15 years in prison following his conviction for bank robbery. ECF No. 21-1 at 17. On June 2, 1981, Petitioner was sentenced in the same

1

district to a concurrent term of 20 years' incarceration for a separate bank robbery. Id. at 17-18. By September 3, 1985, Petitioner had been moved to a halfway house in preparation for his release on parole when he escaped. Upon his arrest in November, 1985, Petition was charged with two additional bank robberies, to which he subsequently pleaded guilty and for which he received two concurrent 20-years terms of imprisonment. Petitioner was also sentenced to serve a consecutive 5-year term for escape. ECF No. 21-1 at 18-20. On June 11, 1999, Petitioner was released to supervision on mandatory release under 18 U.S.C. § 4163, with 4268 days remaining on his sentence. Id. at 21.

On March 30, 2000, the United States Parole Commission ("Commission") revoked Petitioner's mandatory release. ECF No. 21-1 at 16.  Petitioner was reparoled on September 28, 2000 and was to remain on supervision until the expiration of his sentence on February 18, 2011.  Id.

On April 5, 2002, following Petitioner's new convictions for bank robbery, attempted bank robbery and aiding and abetting, the District of Maryland sentenced Petitioner to 151 months' imprisonment and three years of supervised release. ECF No. 21-1 at 10. He completed the sentence on August 22, 2012, and was taken into custody on the Commissioner's violator warrant. Id. at 11.

On October 23, 2013, Petitioner was charged in the District of Maryland with committing yet another armed robbery and use of a firearm during a crime of violence. 21-1 at 23. On October 31, 2013, the Commission issued a warrant based on the new criminal charges. Id. at 25. The Commission instructed the U.S. Marshal to lodge the warrant as a detainer if Petitioner was already in custody. Id. at 25. On March 13, 2015,

Petitioner was convicted in the District of Maryland and sentenced to 300 months' imprisonment for armed bank robbery, aiding and abetting, and a consecutive 180 months for brandishing a firearm during a crime of violence, as well as a 5-year term of supervised release. Id. at 31-34. Petitioner has a full term expiration date of September 5, 2053 on this newest sentence, and a projected statutory release date of July 12, 2048. Id. at 6.

On July 9, 2015, the Bureau of Prisons notified the Commission that the warrant had been lodged as a detainer. ECF No. 21-1 at 37. On July 9, 2015, the Commission supplemented the warrant to reflect the conviction. Id. at 38. On October 23, 2019, the Commission ordered the warrant and detainer withdrawn and closed the case. Id. at 39.

### III. CONTENTIONS OF THE PARTIES

#### A. The Petition

Petitioner contends that the "United States Parole Commissioner illegally resurrected a 198[1], 15 year and 20 year concurrent sentence…," by placing a detainer on him on July 9, 2015. ECF No. 1 at 6. In support of this sole contention, Petitioner notes that on January 20, 1985, he was transferred from FCI Ashland to the Volunteers of America in Baltimore, Maryland. He acknowledges that he escaped while still an inmate, and was transferred back to federal custody. He acknowledges that he subsequently was charged and sentenced for bank robbery and escape and was sentenced to a total of 25 years. Id. Petitioner maintains that the United States Parole Commissioner illegally reopened his 198[1] sentence, because the full term of said sentence had expired. Petitioner maintains the detainer must be closed because it is

hampering his custody level, programs and release. Id. at 7. For relief, Petitioner requests that detainer be removed and the "above" cases be closed. Id. at 10.

## B. Motion to Dismiss

Respondent maintains that Petitioner has not raised any viable claims. However, Petitioner also notes that even if he had, he has received the remedy he sought. The Commission's order of October 23, 2017, withdrew the detainer and violator warrant and closed Petitioner's case. Therefore, Respondent argues that this case should be dismissed as moot.

## IV. STANDARD OF REVIEW

## A. Motion to Dismiss

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of N.C. v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)). In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff. Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

The Federal Rules of Civil Procedure "require[ ] only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited the "rule that a complaint should not be dismissed for failure to

state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [a] claim which would entitle him to relief." Conley, 355 U.S. at 45-46. In Twombly, the United States Supreme Court noted that a complaint need not assert "detailed factual allegations," but must contain more than labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Conley, 550 U.S. at 555 (citations omitted). Thus, the "[f]actual allegations must be enough to raise a right to relief above the speculative level," Id. (citations omitted), to one that is "plausible on its face," id. at 570, rather than merely "conceivable." Id. Therefore, in order for a complaint to survive dismissal for failure to state a claim, the plaintiff must "allege facts sufficient to state all the elements of [his or] her claim." Bass v. E.I.DuPont de Nemours & Co., 324 F.3d 761, 765 (4th Cir. 2003) (citing Dickson v. Microsoft Corp., 309 F.3d 193, 213 (4th Cir. 2002); Iodice v. United States, 289 F.3d 270, 281 (4th Cir. 2002)). In so doing, the complaint must meet a "plausibility" standard, instituted by the Supreme Court in Ashcroft v. Iqbal, where it held that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Thus, a well-pleaded complaint must offer more than "a sheer possibility that a defendant has acted unlawfully" in order to meet the plausibility standard and survive dismissal for failure to state a claim. Id.

## V. ANALYSIS

Judicial review of a decision by the Commission is limited. See Brown v. Lundgren, 528 F.2d 1054 (5th Cir. 1976); Billiteri v. U.S. Bd. of Parole, 541 F.2d 938 (2d Cir. 1976). "So long as there are no violations of any required due process protections

and Commission has acted within its authority, [the District Court] will not usurp the Commission's position as established in the statutory scheme enacted by Congress." Stroud v. U.S. Parole Commission, 668 F.2d 843, 846 (5th Cir. 1982). The District Court may review an action of the Parole Commission to determine whether the decision of the Commission is arbitrary and capricious or an abuse of discretion. Dye v. United States Parole Commission, 558 F.2d 1376, 1378 (10th Cir. 1977). An action of the Commission is arbitrary and capricious, or an abuse of discretion, when it is irrational, based upon impermissible considerations, or when it fails to comply with the Commission's own rules and regulations. Zannino v. Arnold, 531 F.2d 687, 690-691 (3rd Cir. 1976).

As previously noted, Petitioner alleges that his original sentence expired, and therefore, the Commission had no authority to lodge a detainer. However, Petitioner is incorrect in that assertion. Each time his parole was revoked for new criminal conduct, his time spent on parole was forfeited as required by law. See 18 U.S.C. § 4210(b)(2); 28 C.F.R. § 2.52(c)(2). On August 2, 2013, when Petitioner was last released on parole, he had 3447 days remaining to be served on his original sentence, with a full term release date of January 11, 2023. ECF No. 21-1 at 9. The Commission issued the warrant on August 31, 2015, and it was lodged as a detainer well before Petitioner's full term expiration date.

Moreover, the Commission lawfully issued a warrant and lodged it as a detainer because Petition was serving a new sentence for an offense he committed on parole. See 18 U.S.C. § 4214(b)(1); 28 C.F.R. §§ 2.44, 2.47; Moody v. Daggett, 429 U.S. 78, 87 (1976) (parolee serving additional term of imprisonment for offense committed while on

6

parole is constitutionally entitled to a parole hearing only after he completes service of the new term and is taken into custody on parole violator warrant); Gill v. Stansberry, 2009 WL 2567010, at *3 (E. D. Va. Aug. 18, 2009) . (internal citations omitted). (Gill's projected release date for the criminal sentence he presently is serving is August 22, 2012. At that time, the Commission's warrant which presently is lodged as a detainer will be executed, and only at that time will Gill's entitlement to a parole revocation hearing arise). Therefore, as filed, the petition fails to state a claim for relief.

Furthermore, Article III of the United States Constitution limits the jurisdiction of the federal courts to cases or controversies. Therefore, a case becomes moot when there is no viable legal issue left to resolve. See Powell v. McCormick, 395 U.S. 486, 496 (1969). If developments occur during the course of a case which render the Court unable to grant a party the relief requested, the case must be dismissed as moot. Blanciak v. Allegheny Ludlum Co., 77 F.3d 690, 698-699 (3d Cir. 1996). In the context of a habeas corpus proceeding, the writ "does not act upon the prisoner who seeks relief, but upon the person who holds him in what is alleged to be unlawful custody." Leonard v. Hickey, 2009 WL 1939174 at 2 (S.D. W.Va. 2009)(quoting Braden v. 30th Judicial Cir. Ct. of Ky, 410 U.S. 484, 494-95 (1973)). If the respondent can no longer provide the requested relief, then the court cannot consider the petition. Id.

In the instant case, Petitioner sought to have the detainer lifted and his case closed. This is precisely what happened on October 23, 2017, when the Commission ordered the warrant and detainer withdrawn and closed the case. Because the action by the Commission provided Petitioner with the exact relief he requested in his petition,

there is no further relief which this Court can grant, and the case should be dismissed as moot.

## VI. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that the respondent's Motion to Dismiss [ECF No. 20] be **GRANTED**, and the petition [ECF No. 1] be **DENIED** and **DISMISSED with prejudice**.

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may file with the Clerk of Court written objections identifying those portions of the recommendation to which objection is made and the basis for such objections.  A copy of any objections shall also be submitted to the Honorable Frederick P. Stamp, United States District Judge.  **Failure to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation.** 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985): United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to mail a copy of this Report and Recommendation to Petitioner by certified mail, return receipt requested, to his last known address as shown on the docket, and to transmit a copy electronically to all counsel of record. Furthermore, upon entry of this Report and Reco9mmendation, the Clerk is **DIRECTED** to terminate the Magistrate Judge association with this case.

Respectfully submitted this 27th day of February, 2018.

                                            */s Robert W. Trumble*
                                    ROBERT W. TRUMBLE
                                    UNITED STATES MAGISTRATE JUDGE