IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

RAYMOND EDWARD GILL,

        Petitioner,

v.                                    Civil Action No. 5:17CV36
                                               (STAMP)
JOE COAKLEY, Warden,

        Respondent.

**MEMORANDUM OPINION AND ORDER
AFFIRMING AND ADOPTING REPORT AND
RECOMMENDATION OF MAGISTRATE JUDGE AND
GRANTING RESPONDENT'S MOTION TO DISMISS**

I. Background

The pro se[1] petitioner, a federal inmate housed at FCI Hazelton, filed a petition for habeas corpus pursuant to 28 U.S.C. § 2241. ECF No. 1. This case arises out of a dispute over whether the United States Parole Commissioner had the authority to lodge a detainer for a sentence imposed on the petitioner in 1981. ECF No. 1 at 6.

In the petition, the petitioner alleges that the United States Parole Commissioner "illegally resurre[c]ted" a sentence imposed on him in 1981 when the Parole Commissioner issued a parole violator warrant lodged as a detainer for the petitioner's 1981 sentence on July 9, 2015. ECF No. 1 at 6. The petitioner appears to argue that the 1981 sentence had already been fully served, and therefore, the

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1416 (10th ed. 2014).

Commissioner acted illegally by placing the detainer. ECF No. 1 at 7. The petitioner further argues that the detainer must be removed and the underlying case must be closed because the detainer "hampers his custody level, programs and release." ECF No. 1 at 7.

The respondent, the Warden of FCI Hazelton, filed a motion to dismiss. ECF No. 20. In the respondent's memorandum in support, respondent argues that, first, the 1981 sentence did not "expire" because each time petitioner's parole was revoked for new criminal conduct, the petitioner's time on parole was forfeited pursuant to 18 U.S.C. § 4210(b)(2). ECF No. 21 at 3. Second, the respondent argues that the petitioner's custody status has not been adversely affected by the detainer. ECF No. 21 at 4. Thus, the petitioner has not raised a viable claim. ECF No. 21 at 4. Third, the respondent further argues that, even if the petitioner has raised a viable claim, the detainer was withdrawn on October 23, 2017. Therefore, the respondent asserts that the petition is now moot and should be dismissed. ECF No. 21 at 4.

Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule of Prisoner Litigation 2, this case was referred to United States Magistrate Judge Robert W. Trumble. The magistrate judge entered a report and recommendation. ECF No. 26. In that recommendation, the magistrate judge recommended that the respondent's motion to dismiss be granted and the petitioner's § 2241 petition be dismissed with prejudice. ECF No. 26 at 8. The magistrate judge recommended that the petition

be dismissed on two grounds. First, the magistrate judge agreed with the respondent's argument that the petitioner forfeited his time on parole each time the petitioner's parole was revoked for criminal conduct. ECF No. 26 at 6. The magistrate judge found that when the petitioner was last released on parole, he had 3,447 days remaining on his original sentence, and thus the Commission was within its authority to issue the detainer. ECF No. 26 at 6. The magistrate judge concluded that, "[t]herefore, as filed, the petition fails to state a claim for relief." ECF No. 26 at 7. Second, the magistrate judge agreed with the respondent that the petition became moot when the detainer was withdrawn. ECF No. 26 at 7. Thus, the magistrate judge found that the Court should dismiss the case as moot. ECF No. 26 at 8. Accordingly, the magistrate judge recommended that the respondent's motion to dismiss be granted and the petitioner's § 2241 petition be dismissed with prejudice. ECF No. 26 at 8.

The petitioner timely filed objections. ECF No. 27. In his objections, the petitioner does not address the argument that his parole time was lost when parole was revoked, nor the issue of mootness. Instead, the petitioner challenges his current sentence. The petitioner argues that by "illegally resurrect[ing]" his original sentence, he received a forty-year sentence (which he is currently serving) because he came under the "Career Offender Act."

3

ECF No. 27 at 1.  The petitioner contends that his sentence should have been 55-60 months.  ECF No. 27 at 1.

The respondent filed a response to the petitioner's objections. The respondent argues that challenges to the petitioner's current sentence "must normally be raised on appeal, or raised by filing a [28 U.S.C.] § 2255 motion in the sentencing court."  ECF No. 29 at 1.  Further, the respondent argues that the petitioner cannot meet the narrow requirements to show that a § 2255 remedy would be inadequate or ineffective.  ECF No. 29 at 2.

For the reasons that follow, this Court finds that the report and recommendation of the magistrate judge should be adopted in its entirety.

## II. Applicable Law

Under 28 U.S.C. § 636(b)(1)(C), this Court must conduct a <u>de novo</u> review of any portion of the magistrate judge's recommendation to which an objection is timely made.  However, portions of the report and recommendation which are not objected to will be upheld unless they are "clearly erroneous or contrary to law."  28 U.S.C. § 636(b)(1)(A).  This Court has conducted a review of the record and the petitioner's objections.  This Court finds that the petitioner's objections relate only to his current sentence and are in no way related to the magistrate judge's recommendation.  This Court does not need to conduct a <u>de novo</u> review "when a party makes general and conclusory objections that do not direct the court to a specific

4

error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Because the petitioner did not object to any portion of the magistrate judge's report and recommendation, this Court finds that no portion of the report and recommendation requires a de novo review. Therefore, the magistrate judge's findings and recommendations will be upheld unless they are "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A).

III. Discussion

In the report and recommendation, the magistrate judge found that the United States Parole Commission was within its authority to issue a detainer because the petitioner's time spent on parole was forfeited when his parole was revoked for committing a new offense. ECF No. 26 at 6. See 28 C.F.R. § 2.52(c)(2); Harris v. Day, 649 F.2d 755 (10th Cir. 1981).[2] Further, the magistrate judge found that the petition is now moot because the petitioner received the remedy he sought when the Commission withdrew the detainer. ECF No. 26 at 7. Thus, the magistrate judge concluded that the petition should be dismissed because there is no further relief this Court

---

[2] "It is the Commission's interpretation of 18 U.S.C. 4210(b)(2) that, if a parolee has been convicted of a new offense committed subsequent to his release on parole, which is punishable by any term of imprisonment, detention, or incarceration in any penal facility, forfeiture of time from the date of such release to the date of execution of the warrant is an automatic statutory penalty, and such time shall not be credited to the service of the sentence."

can provide. ECF No. 26 at 7-8. This Court finds no clear error in the determinations of the magistrate judge and thus affirms and adopts the report and recommendation.

IV. <u>Conclusion</u>

This Court has reviewed the record and the petitioner's objections. Because the petitioner's objections are general and conclusory in nature and do not relate to the report and recommendation, which specifically addresses mootness and forfeiture of time on parole, this Court has reviewed the magistrate judge's report and recommendation under a clearly erroneous standard of review. Because this Court finds that the magistrate judge's recommendation is not clearly erroneous, the report and recommendation of the magistrate judge (ECF No. 26) is hereby AFFIRMED and ADOPTED in its entirety. Accordingly, the petitioner's petition for writ of habeas corpus under 28 U.S.C. § 2241 (ECF No. 1) is DENIED and the respondent's motion to dismiss (ECF No. 20) is GRANTED.

It is further ORDERED that this case be DISMISSED WITH PREJUDICE and STRICKEN from the active docket of this Court.

Finally, this Court finds that the petitioner was properly advised by the magistrate judge that "[f]ailure to timely file objections <u>to this recommendation</u> will result in waiver of the right to appeal from a judgment of this Court based upon such recommendation." ECF No. 26 at 8 (emphasis added) (citations

omitted). The failure to file objections specific to the report and recommendation after receiving notice waives the right to appeal. Brooks v. Padulah, 407 F. App'x 706, 707 (4th Cir. 2011). Because the petitioner has failed to raise an objection specific to the report and recommendation, the petitioner has waived his right to seek appellate review of this matter. See Wright v. Collins, 766 F.2d 841, 844-45 (4th Cir. 1985).

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein and to the pro se petitioner by certified mail. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: June 25, 2018

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE